```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


David A. LaBrecque,
     Plaintiff

     v.                                    Case No. 10-cv-180-SM
                                           Opinion No. 2011 DNH 131
Michael J. Astrue, Commissioner,
Social Security Administration,
     Defendant
```

**O R D E R**

Before the court is the motion of Claimant, David LaBrecque, for an award of $17,000 in attorney's fees and costs.  Doc. no. 13.  See Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).  The petition is limited to recovery of fees and costs incurred during the course of claimant's appeal (to this court) of an adverse decision by the Commissioner of Social Security, and for work performed in support of this fee request.  The Commissioner opposes the fee request on grounds that defending the ALJ's decision was substantially justified, or alternatively, that the requested fees are excessive.

**Background**

In the administrative proceedings before the Commissioner, the ALJ found that claimant was neither physically nor mentally disabled.  That decision became the final decision of the Commissioner.  On appeal, this court affirmed the ALJ's physical

RFC determination, but reversed and remanded on the issue of claimant's mental capacity.  Order, doc. no. 11.  The court found that one of several reasons the ALJ relied on in discounting the medical opinion of an examining psychiatrist, Dr. Batt, was factually incorrect.  The ALJ believed that Dr. Batt had seen claimant only once, but the uncontroverted evidence showed that he had seen claimant three times.  Although the ALJ had given several other reasons for not accepting Dr. Batt's opinion, this court remanded for reconsideration, stating:

> It is not the province of this court—but of the ALJ—to weigh this (corrected) fact against all other relevant facts.  While ordinarily a factual error of this kind probably would not warrant remand, the conflict in qualified medical opinions makes the dispositive issue somewhat close, and it is the ALJ, not this court, that is better suited to resolve that conflict in the first instance.

Order, doc. no. 11, pg. 17.

In defending the ALJ's decision before this court, the Commissioner argued that substantial evidence supported the ALJ's decision to discount Dr. Batt's opinion.  The Commissioner pointed to evidence underlying <u>all</u> of the reasons offered by the ALJ for his credibility determination.

**Discussion**

To recover fees under the EAJA, "a party must not only prevail, but the court must also conclude that the government's position was not substantially justified." Rex, ex rel. A.R. v. Astrue, Case No. 07-cv-48-SM, 2009 WL 903737, at *1 (D.N.H. March 31, 2009) (citing McDonald v. Secretary of Health & Human Services, 884 F.2d 1468, 1469-70 (1st Cir. 1989). The "'government's position'" includes "not only the Commissioner's arguments before this court, but also the conduct of both the administrative law judge . . . in denying the claimant's application for benefits and the Appeal Council [...] . . . [in] declin[ing] review." Id. The fact that the Commissioner lost on appeal "does not create a presumption that its position was not substantially justified." United States v. Yoffe, 775 F.2d 447, 450 (1st Cir. 1985). Instead, the Commissioner's defense of his determination is substantially justified as long as there was some reasonable basis in law and fact for the determination. Id.

Here, the Commissioner's position on the issue of claimant's physical capacity was found to be correct. It was, therefore, substantially justified — as claimant appears to concede. The real issue in dispute, then, is whether the Commissioner's position on the issue of claimant's mental capacity was substantially justified. The court finds that it was.

As noted, the ALJ gave several reasons for discounting Dr. Batt's opinion. The remand, to consider a corrected fact of only potential significance, did not render the ALJ's decision, or the position of the Commissioner in defending it, unreasonable. The remand order was narrow and cautious, and left as "an open question" the issue "[w]hether the ALJ's assessment of Dr. Batt's opinion would be different had he known that Dr. Batt saw claimant on three occasions." Order, doc. no. 11, pg. 15. In other words, it may be that the ALJ on remand will re-weigh the facts and retain the same view of Dr. Batt's opinion. In seeking this court's affirmance of the ALJ's original decision, the Commissioner essentially argued as much, contending that the facts, taken as a whole, supported the ALJ's credibility determination. That argument did not stand or fall on the corrected fact, and it was reasonable both legally and factually. See Yoffe, 775 U.S. at 450 (Commissioner's position is "substantially justified" where the government has "facts [to] support its theory.").

Finally, the court will not fault the government for pursuing affirmance and resisting remand when the court acknowledged that it would not normally remand for the type of factual error made (Order, doc. no. 11, pg. 17), and when "the dispositive issue [is] somewhat close." Id.

4

**Conclusion**

For the reasons stated, the claimant's motion for attorney's fees and costs (doc. no. 13) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 24, 2011

cc: Sheila O. Zakre, Esq.
　　Robert J. Rabuck, Esq.